

**State of Louisiana**
DEPARTMENT OF JUSTICE
LITIGATION DIVISION
**BATON ROUGE**

1885 N. Third Street
3rd Floor
Baton Rouge, LA 70802
Phone: (225) 326-6300
Fax: (225) 326-6494

Jeff Landry
Attorney General

July 17, 2023

**<u>By ECF</u>**
Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, Louisiana 70130

      Re:    *Landor v. Louisiana Dept. of Corrections,* No. 22-30686
              Response to July 7, 2023, Rule 28(j) Letter by Plaintiff-Appellant

Dear Mr. Cayce:

      Plaintiff-Appellant Damon Landor filed a letter brief, pursuant to FED. R. APP. P. 28(j), to notify this Court of the Supreme Court's decision in *Lac du Flambeau Band of Lake Superior Chippewa Indians v. Coughlin*, 143 S. Ct. 1689 (2023).

      RLUIPA is Spending Clause legislation, which does not create an individual-capacity cause of action against a state employee. Red Br. at 13. *Lac du Flambeau* contains no mention of the Spending Clause or an opinion on individual-capacity causes of action under RLUIPA. Thus, *Lac du Flambeau* has no effect on this Court's holding that RLUIPA does not create an individual-capacity cause of action because the State—not individual state employees—is the funding recipient. *Sossamon v. Lone Star State of Texas (Sossamon I),* 560 F.3d 316, 327-28 (2009). *Sossamon I* is dispositive of the issues presented by the plaintiff on appeal. See Blue Br. at 4.

      Furthermore, *Lac du Flambeau* does not articulate a new rule of statutory interpretation. *Lac du Flambeau*, 143 S. Ct. at 1695 (The "clear-statement rule" is a "well-settled rule"). In *Sossamon v. Texas (Sossamon II),* 563 U.S. 277 (2011), the Supreme Court applied the established rule for interpreting a statutory provision that purports to elicit the states' consent to suit for money damages. *See id*. at 284 (*quoting College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 680 (1999)). That same "demanding standard" was applied in *Lac du Flambeau. Ibid.* Because the principles of statutory construction applied in *Lac du Flambeau* are so well established, any prior ruling—including *Sossamon*—which applied those principles, is necessarily upheld.

Neither *Lac du Flambeau, Tanzin v. Tanvir*, 141 S.Ct. 486 (2020), nor any other precedential opinion decided since 2011, overrules the rulings of this Court and the Supreme Court in *Sossamon*. The district court's judgment dismissing plaintiff's case should be affirmed.
.

    Sincerely,

JEFF LANDRY
LOUISIANA ATTORNEY GENERAL

*/s/ Phyllis E. Glazer*
PHYLLIS E. GLAZER
ASSISTANT ATTORNEY GENERAL
*Counsel for the Defendants-Appellees,
James M. LeBlanc and Marcus Meyers*

Word Count: 310
PEG/mg
cc:    All Counsel (by ECF)