No. 22-30686

# In the United States Court of Appeals for the Fifth Circuit

DAMON LANDOR,

PLAINTIFF – APPELLANT

v.

LOUISIANA DEPARTMENT OF CORRECTIONS AND PUBLIC SAFETY; JAMES M. LEBLANC, IN HIS OFFICIAL CAPACITY AS SECRETARY THEREOF, AND INDIVIDUALLY; RAYMOND LABORDE CORRECTIONAL CENTER; MARCUS MYERS, IN HIS OFFICIAL CAPACITY AS WARDEN THEREOF, AND INDIVIDUALLY; JOHN DOES 1–10; ABC ENTITIES 1–10,

DEFENDANTS – APPELLEES

---

On Appeal from the United States District Court for the
Middle District of Louisiana
3:21-CV-733

---

## DEFENDANTS-APPELLEES' RESPONSE TO THE PLAINTIFF-APPELLANT'S PETITION FOR REHEARING EN BANC

---

JEFF LANDRY
Louisiana Attorney General

*/s/ Phyllis E. Glazer*
PHYLLIS E. GLAZER (La. #29878)
Assistant Attorney General

Louisiana Department of Justice,
Litigation Division
1885 North Third Street, 3rd Floor
Baton Rouge, Louisiana 70802
Telephone: (225) 326-6300
Facsimile: (225) 326-6495
E-mail: GlazerP@ag.louisiana.gov
*Counsel for Defendants-Appellees*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Plaintiff–Appellant | Counsel for Plaintiff–Appellant |
| --- | --- |
| Damon Landor, | Casey Denson and<br>Mercedes Townsend,<br>　　Casey Denson Law Firm, New<br>　　Orleans, Louisiana<br><br>Zachary Tripp and<br>Joshua Halpern,<br>　　Weil, Gotshal & Manges, L.L.P.,<br>　　Washington, DC<br><br>Shai Berman,<br>　　Weil, Gotshal & Manges, L.L.P.,<br>　　New York, NY<br><br>Rook Ringer, former Counsel for<br>Plaintiff-Appellant<br>　　Lento Law Group, St. Augustine,<br>　　Florida and<br>　　The Law Office of Rook Ringer,<br>　　St. Augustine, Florida |

| Defendants-Appellees | Counsel for Defendants-Appellees |
| --- | --- |
| James LeBlanc, Secretary, Louisiana Department of Public Safety and Corrections<br><br>Marcus Meyers, Warden, Raymond Laborde Correctional Center | Jeff Landry, Louisiana Attorney General<br><br>Phyllis Glazer and LaKeisha Ford, Louisiana Department of Justice, Office of the Attorney General |

*/s/ Phyllis E. Glazer*
Phyllis E. Glazer
*Counsel of record for Defendants-Appellees*

## RULE 35(b) STATEMENT

The Supreme Court and this Court have established that money damages are unavailable under the Religious Land Use and Institutionalized Persons Act (RLUIPA). *See Sossamon v. Texas* (*Sossamon II*), 563 U.S. 277, 293 (2011) (money damages are not recoverable from the State); *Sossamon v. Lone Star State of Texas* (*Sossamon I*), 560 F.3d 316, 328–29 (5th Cir. 2009) (individual capacity claims for money damages are unavailable). Evey other circuit court to address whether RLUIPA permits money damages against state officials in their individual capacities agrees that it does not. *See, e.g.*, *Washington v. Gonyea*, 731 F.3d 143, 145–46 (2nd Cir. 2013) (per curiam); *Sharp v. Johnson*, 669 F.3d 144, 155 (3rd Cir. 2012); *Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009); *Haight v. Thompson*, 763 F.3d 554, 570 (6th Cir. 2014); *Nelson v. Miller*, 570 F.3d 868, 889 (7th Cir. 2009); *Scott v. Lewis*, 827 F. App'x 613, 613 (8th Cir. 2020) (per curiam); *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014); *Stewart v. Beach*, 701 F.3d 1322, 1334–35 (10th Cir. 2012); *Smith v. Allen*, 502 F.3d 1255, 1271–75 (11th Cir. 2007).

This Court need not rehear this case to revisit *Sossamon I*. Under Rule 35(b), a question may be of exceptional importance if "the panel

decision conflicts with the authoritative decisions of other United States Courts of Appeals." Fed. R. App. P. 35(b)(1)(B). Because the courts of appeal uniformly agree that individual capacity claims for money damages are unavailable under RLUIPA, the question is not appropriate for rehearing en banc.

The Plaintiff argues that the Sixth Circuit's decision in *Haight v. Thompson*, 763 F.3d 554 (6th Cir. 2014), conflicts with this Court's decision in *Sossamon I*. But the purported conflict does not present an issue of exceptional importance because the Sixth Circuit, in *dicta*, disagreed with the Fifth Circuit's reasoning in *Sossamon* but fully agreed with its holding. *Id.* at 570. This Court, the Sixth Circuit, and all others to have considered the issue agree that money damages are unavailable under RLUIPA. Therefore, there is no disagreement among the "authoritiative decisions" of the circuits and the issue is not an "exceptional[ly] important[]" one for purposes of en banc rehearing. See Fed. R. App. P. 35(b).

Furthermore, the rulings in *Sossamon I* and *II* have not been abrogated—implicitly or directly—by a later Supreme Court decision. The opinion in *Tanzin v. Tanvir*, 141 S. Ct. 486 (2020), has no bearing on

the availability of money damages under RLUIPA. *Tanzin* interpreted the Religious Freedom Restoration Act (RFRA) and held that it authorizes money damages against federal officials sued in their individual capacities.

Plaintiff argues that RLUIPA should be interpreted the same as RFRA because the two acts share language. But that argument ignores the states' sovereign immunity and its effect on the interpretation of first RFRA then RLUIPA. *See City of Boerne v. Flores*, 521 U.S. 507 (1997); *Sossamon II*, 563 U.S. 277. RLUIPA and RFRA were enacted under different Congressional powers. *See* Slip Op. at 8. And "in law as in life, the same words, placed in different contexts, sometimes mean different things." Slip Op. at 9 (cleaned up) (quoting *Yates. v. United States*, 574 U.S. 528, 537 (2015)).

RFRA was enacted under Congress's power under Section 5 of the Fourteenth Amendment. Congress exceeded its power under Section 5 when it included the states in RFRA. *City of Boerne,* 521 U.S. at 511. Therefore, Plaintiff's argument that the RFRA and RLUIPA should be interpreted the same simply because they share language is an end-run around Congress's limited Section 5 authority and the opinion in *City of*

*Boerne*. RLUIPA's language must be interpreted in light of the authority Congress actually had to enact RLUIPA—its Spending authority. *See Sossamon II*, 563 U.S. at 281.

In *Sossamon II*, the Supreme Court analyzed RLUIPA's remedy provision as a condition placed on the States in exchange for their acceptance of federal funds. *Id*. Plaintiff does not explain why that foundational finding in *Sossamon II* should be ignored here. The Court then conducted a statutory analysis of RLUIPA's remedy provision in light of Spending Clause and sovereign immunity jurisprudence and held that the phrase "appropriate relief" does not "clearly and unambiguously" identify money damages as a remedy so RLUIPA did not "waive sovereign immunity to private suits for damages." *Id*. at 285–86.

The Court recognized that RLUIPA was enacted in response to *City of Boerne* and that it "borrows important elements from RFRA" including the cause of action. *Id*. at 281–82. Despite acknowledging that RLUIPA and RFRA share the "appropriate relief" language, the Supreme Court found the language insufficient to support a money damages remedy under RLUIPA. *Id*.

RLUIPA and RFRA are different acts and the *Tanzin* ruling, which pertains only to RFRA, has no bearing on RLUIPA or on this Court's ruling in *Sossamon I.* "Section 5 of the Fourteenth Amendment and the Spending Clause do not empower Congress to the same degree, and *Tanzin* does nothing to fill that gap." Slip Op. at 9. *Sossamon I* and *II* remain sound precedent and en banc hearing is unnecessary. *See* Fed. R. App. P. 35(a)(1).

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ..........................................ii

RULE 35(B) STATEMENT ...................................................................iv

TABLE OF AUTHORITIES ......................................................... x

STATEMENT OF THE CASE ................................................... 1

REASONS WHY REHEARING IS UNNECESSARY ............................... 2

    I.    REHEARING IS UNNECESSARY BECAUSE THE UNAVAILABILITY OF MONEY DAMAGES UNDER RLUIPA IS A SETTLED ISSUE. .................2

        A.    All circuit courts that have considered the question agree that individual capacity claims for money damages are unavailable under RLUIPA. ....................................................3

        B.    *Sossamon I* correctly analyzed RLUIPA as Spending Clause legislation. ....................................................3

    II.    *TANZIN* IS IRRELEVANT AND DOES NOT SUPPORT A NEED FOR REHEARING. .....................................................9

CONCLUSION ...................................................... 14

CERTIFICATE OF SERVICE ................................................ 14

CERTIFICATE OF COMPLIANCE ........................................ 15

# TABLE OF AUTHORITIES

## Constitutional Provisions

U.S. Const. Amend. XIV, § 5 ........................................................... vi, viii, 3

U.S. Const. Art. 1, § 8, Cl. 1 ................................. vii, viii, 3, 5, 6, 9, 10, 13

## Statutes

18 U.S.C. § 666 .................................................................................... 9

42 U.S.C. § 1983 .................................................................................. 1

42 U.S.C. § 2000bb-3 ......................................................................... 12

42 U.S.C. § 2000cc-1 ........................................................................... 5

42 U.S.C. § 2000dd-4 ........................................................................... 5

## Rules

Fed. R. App. P. 32 .............................................................................. 15

Fed. R. App. P. 35 ....................................................................... v, viii, 3

Fed. R. Civ. P. 12 ............................................................................... 1

Fifth Circuit Rule 28.2.1 ..................................................................... ii

Fifth Circuit Rule 32.3 ....................................................................... 15

## Cases

*Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291 (2006)
   .................................................................................................... 11

*City of Boerne v. Flores*, 521 U.S. 507 (1997) ........................................ vi

*College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense
   Bd.*, 527 U.S. 666 (1999) ................................................................. 12

*Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022) .... 4

*Gebser v. Lago Vista Independent School Dist.*, 524 U.S. 274 (1998) ...... 4

*Gregory v. Ashcroft*, 501 U.S. 452 (1991) ............................................. 4, 10

*Haight v. Thompson*, 763 F.3d 554 (6th Cir. 2014) ..................... iv, v, 3, 9

*Holt v. Hobbs*, 574 U.S. 352 (2015) ......................................................... 4

*Lane v. Peña*, 518 U.S. 187 (1996) ......................................................... 4

*Nelson v. Miller*, 570 F.3d 868 (7th Cir. 2009) ................................. iv, 3, 6

*Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1 (1981) ....... 4, 10

*Rendelman v. Rouse*, 569 F.3d 182 (4th Cir. 2009) ............................. iv, 3

*Sabri v. United States*, 541 U.S. 600 (2004) .......................................... 7

*Scott v. Lewis*, 827 F. App'x 613 (8th Cir. 2020) ............................... iv, 3

*Sharp v. Johnson*, 669 F.3d 144 (3rd Cir. 2012) ............................. iv, 3, 6

*Smith v. Allen*, 502 F.3d 1255 (11th Cir. 2007) .............................. iv, 3, 5

*Sossamon v. Lone Star State of Texas (Sossamon I)*, 560 F.3d 316 (5th Cir. 2009) ................................................ iv, v, 2, 3, 4, 6, 9, 10, 11, 13, 14

*Sossamon v. Texas*, 563 U.S. 277 (2011) ...... iv, vi, vii, 4, 5, 6, 9, 10, 11, 12

*Stewart v. Beach*, 701 F.3d 1322 (10th Cir. 2012) ................................ 10

*Stokes v. Sw. Airlines*, 887 F.3d 199 (5th Cir. 2018) ............................. 13

*Tanzin v. Tanvir*, 141 S. Ct. 486 (2020) ..................... v, viii, 9, 11, 12, 13

*United States v. Guerrero*, 768 F.3d 351 (5th Cir. 2014) ....................... 11

*Washington v. Gonyea*, 731 F.3d 143 (2nd Cir. 2013) ..................... iv, 3, 5

*Wood v. Yordy*, 753 F.3d 899 (9th Cir. 2014) .............................. iv, 3, 6, 9

*Yates. v. United States*, 574 U.S. 528 (2015) ........................................ vi

## STATEMENT OF THE CASE

Plaintiff Damon Landor was imprisoned at the Raymond Laborde Correctional Center (RLCC), ROA.12, ¶9, at the time of the events at issue. ROA.16, ¶25. He claims he is a practicing Rastafarian with a sincerely held religious belief that his hair should not be cut and prison officials at RLCC cut off his dreadlocks without his consent. ROA.10.[1]

After his release from custody, ROA.19, ¶42, Landor filed suit under 42 U.S.C. § 1983, RLUIPA, and Louisiana tort law, against the Louisiana Department of Public Safety and Corrections (DPSC), DPSC Secretary James LeBlanc, and RLCC Warden Marcus Myers. ROA.12–13.[2] He requested declaratory and injunctive relief, compensatory and punitive damages, attorney's fees and costs from all Defendants on all claims. ROA.43. The Defendants filed a Rule 12(b) motion to dismiss the complaint for lack of jurisdiction and for failure to state a cause of action. ROA.121–23. Plaintiff did not oppose the motion. Defendants' motion was granted and all claims were dismissed with prejudice. ROA.217–24.

---

[1] The Defendants accepted the factual allegations of Landor's complaint as true because such acceptance is required on a motion to dismiss filed under Fed. R. Civ. P. 12. The panel "*emphatically* condemn[ed] the treatment Landor endured." Slip Op. at 12 (emphasis in original). That statement was also based on the unproven allegations of Plaintiff's complaint, which the Court accepted as true. Slip Op. at 2, n. 1.

[2] Plaintiff also named RLCC as a Defendant. However, RLCC is a prison, not a "person" or an entity with the capacity be sued, and has not appeared in this matter.

On appeal, Landor abandoned all claims except the individual capacity claim for money damages under RLUIPA against Secretary LeBlanc and Warden Myers. The panel found that Landor's argument that RLUIPA allows recovery of money damages from state officials in their individual capacities "runs squarely into one of our decisions"—*Sossamon I*. It then systematically rejected all of Landor's arguments about disregarding that precedent. The panel ultimately unanimously affirmed dismissal of Landor's suit.

## REASONS WHY REHEARING IS UNNECESSARY

### I.    Rehearing is Unnecessary Because the Unavailability of Money Damages Under RLUIPA is a Settled Issue.

The importance of money damages as a remedy available to tort victims is not the issue actually presented to this Court for en banc consideration. The issue is whether Congress, through a valid exercise of its powers, included an individual capacity claim for money damages in RLUIPA. All circuit courts to have considered the issue, including this Court, uniformly agree that money damages are unavailable under RLUIPA. *Sossamon I* is settled precedent, which need not be reconsidered.

### A. All circuit courts that have considered the question agree that individual capacity claims for money damages are unavailable under RLUIPA.

Every circuit court to have considered this question (all but the First) agrees that RLUIPA does not allow money damages against state prison officials, even where suit is against officials in their individual capacities. *See, e.g.*, *Haight*, 763 F.3d at 570 (6th Cir.); *Washington*, 731 F.3d at 145–46 (2nd Cir.); *Sharp*, 669 F.3d at 155 (3rd Cir.); *Rendelman*, 569 F.3d at 189 (4th Cir.); *Sossamon I,* 560 F.3d at 328–29; *Nelson*, 570 F.3d at 889 (7th Cir.); *Scott*, 827 F. App'x 613 (8th Cir.); *Wood*, 753 F.3d at 904 (9th Cir.); *Stewart*, 701 F.3d at 1334–35 (10th Cir.); *Smith*, 502 F.3d at 1271–75 (11th Cir.). The uniformity of the other circuits' holdings weighs against en banc rehearing. Fed. R. Civ. P. 35(b).

### B. *Sossamon I* correctly analyzed RLUIPA as Spending Clause legislation.

Landor asks this Court to reconsider and overturn its decision in *Sossamon I*, but that request should be declined. Reh'g Pet. at 8. *Sossamon I* was decided correctly.

RLUIPA is undisputedly legislation enacted under the Spending Clause because Congress lacked authority to enact it under Section 5 of the Fourteenth Amendment. *See* Reh'g Pet. at 7 (citing *City of* Boerne,

521 U.S. at 532; *Holt v. Hobbs*, 574 U.S. 352, 357 (2015)). A Spending Clause statute "amounts essentially to a contract between the Government and the recipient of funds." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1570 (2022) (cleaned up) (quoting *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 286 (1998)); *see also Sossamon I,* 560 F.3d at 328 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 17 (1981)). "The legitimacy of Congress' power to legislate under the spending power thus rests on whether the State voluntarily and knowingly accepts the terms of the 'contract.'" *Pennhurst*, 451 U.S. at 17. Accordingly, when Congress intends to condition a grant of Federal funds to the States, it must do so "unambiguously.*" Id; see Gregory v. Ashcroft*, 501 U.S. 452, 460 (1991) ("If Congress intends to alter the usual constitutional balance between the States and the Federal Government, it must make its intention to do so unmistakably clear in the language of the statute."). Any doubt is resolved in favor of the States and their immunity. *Sossamon II*, 563 U.S. at 285 (citing *Lane v. Peña*, 518 U.S. 187, 192 (1996)).

RLUIPA does not clearly and unambiguously create a private cause of action against anyone but the "program or activity that receives

Federal financial assistance" because the "scope of application" of RLUIPA is expressly limited to such programs or activities. 42 U.S.C. § 2000cc-1(b). Per the text of RLUIPA, the "operations"—not the employees—of a State department constitute a "program or activity" covered by RLUIPA. 42 U.S.C. § 2000dd-4a; § 2000cc-5(6). Here, DPSC is the recipient of federal funds. *See Garcia v. LeBlanc*, No. CV 20-785-JWD-EWD, 2022 WL 193019, at *6 (M.D. La. Jan. 20, 2022) (citing *Stewart*, 701 F.3d at 1333–34). Therefore, DPSC—not its individual employees—is the only proper defendant to a RLUIPA claim arising from a violation of DPSC's agreed-upon conditions.

The Eleventh Circuit explained that, because a Spending Clause statute can only be enforced against the recipient of funds, "[t]he Spending Power cannot be used to subject individual defendants, such as state employees, to individual liability in a private cause of action." *Smith*, 502 F.3d at 1271–75, *abrogated on other grounds by Sossamon II*, 563 U.S. at 283 n.3 (abrogating *Smith* as to its holding that RLUIPA abrogated a state's sovereign immunity from suit for money damages). The Second, Third, Fifth, and Tenth Circuits adopted the Eleventh Circuit's analysis. *Washington*, 731 F.3d at 145 (Second Circuit); *Sharp*,

5

669 F.3d at 154 (Third Circuit); *Sossamon I,* 560 F.3d at 328–29 (Fifth

Circuit); *Stewart*, 701 F.3d at 1335 (Tenth Circuit) ("We agree with the

analysis of these courts and therefore hold that there is no cause of action

under RLUIPA for individual-capacity claims." (citing *Sossamon*, *Smith*,

and others)). The Seventh and Ninth Circuits similarly hold that because

RLUIPA is spending clause legislation, it "cannot subject state officers to

individual suits." *Wood v. Yordy*, 753 F.3d 899, 903 (9th Cir. 2014) (citing

*Nelson v. Miller*, 570 F.3d 868, 888–89 (7th Cir. 2009)).

     The Ninth Circuit succinctly summarized the effect of Congress' use

of its spending power to enact RLUIPA:

> Individuals acting under color of state law are thus brought
> within the purview of [RLUIPA] only as a part of the
> definition of 'government.' If an individual acts under color of
> state law to burden a plaintiff's rights to religious exercise,
> the plaintiff can sue the government. That is the only reading
> of the statute that is consistent with the decisions of our sister
> circuits and the constitutional limitations on the Spending
> Clause that the Supreme Court has recognized.

*Wood*, 753 F.3d at 904. Thus, the program or activity that received

Federal funds—DPSC—is the only proper defendant to a RLUIPA suit

arising from a violation of RLUIPA committed in connection with the

operation of the agency. And per *Sossamon II*, money damages are not

available in such a suit. *Sossamon II*, 560 F.3d at 337.

Landor highlights the last paragraph of the majority opinion in *Haight* and argues that it evinces a conflict among the circuits that "warrants review" by the en banc court. *See* Reh'g Pet. at 14. The Sixth Circuit noted its disagreement with the finding of the Fifth Circuit, and others, that spending clause legislation cannot create an individual capacity cause of action against a non-recipient of funds. But that short portion of *Haight* is dicta and does not constitute an "authoritative decision" for en banc review under Rule 35(b). *See* Reh'g pet at 14–15 (noting the statement in *Haight* was not necessary to its holding). Landor offers no argument supporting the conclusion that this Court should disregard its precedent in favor of the *Haight* dicta. No other case adopting *Haight's* statement or reasoning is cited. *Id.* at 15.

Landor argues that the Supreme Court's decision in *Sabri v. United States*, 541 U.S. 600 (2004), establishes that Congress has the power under the Necessary and Proper Clause to ensure taxpayer dollars "are in fact spent for the general welfare." Reh'g Pet. at 15 (quoting *Sabri*, 541 U.S. at 605). The argument that, in light of *Sabri*, an individual State official can be liable under RLUIPA has been consistently rejected and

need not be revisited. The uniformity of the circuits' decisions again weighs against en banc rehearing. Fed. R. Civ. P. 35(b).

The panel in this case thoroughly explained why "Landor's reading of *Sabri* is flawed." Slip Op. at 10–12. The statute at issue in *Sabri*, 18 U.S.C. § 666, was enacted to protect federal funds "against local bribery and corruption." *Id*. at 11 (quoting *Sharp v. Johnson*, 669 F.3d 144, 155 n. 15 (3d Cir. 2012)). Landor's case, on the other hand, involves civil liability "that's based on conduct unrelated to the federal purse" so "Landor's situation, both legally and factually, simply isn't comparable." *Id*. Landor attempts to weave a comparison but the logic is frayed. See Reh'g Pet. at 17. Landor argues, essentially, that Congress can enforce RLUIPA against individual state employees to ensure that they are following the conditions placed on the expenditure of federal funds. *Id*. But that argument proves Defendants' point. Only the State program is subject to conditions, so only the program itself—DPSC—is subject to an enforcement action.

The Sixth Circuit explained, "RLUIPA is nothing like the *Sabri* statute. The law in *Sabri* unambiguously extended criminal liability to government officials who accept bribes and to individuals who give them.

8

*See* 18 U.S.C. § 666(a). Congress's failure to speak so clearly here renders any putative individual-capacity, money-damages condition in RLUIPA *in*appropriate." *Haight*, 763 F.3d at 570. *See also, Wood*, 753 F.3d at 903 ("Wood attempts to argue that the Supreme Court opinion means defendants in a civil damage action under RLUIPA need not be recipients of federal funds. This is not a sensible conclusion."). Landor does not cite any case in which any court agrees with his broad application of *Sabri*. This Court should not be the first.

Because the Spending Clause cannot be used to impose liability on an individual for a violation of a term of the State's funding condition, RLUIPA cannot—and its text does not—create an individual-capacity cause of action against State officials. A violation of RLUIPA is actionable only against the State, and *Sossamon I* need not be revisited.

## II. *TANZIN* IS IRRELEVANT AND DOES NOT SUPPORT A NEED FOR REHEARING.

*Tanzin* does not conflict with or abrogate *Sossamon I*. Any statutory construction of RLUIPA must begin with State sovereignty principles. RLUIPA was enacted pursuant to Congress' spending power and targets restrictions by the "government" on the religious exercise of incarcerated prisoners. *Sossamon II*, 563 U.S. at 281. The issue of State sovereignty is

9

at the forefront of a statutory analysis of RLUIPA because, as Spending Clause legislation, the States' obligation to comply with RLUIPA is contingent on the States' acceptance of federal funding. *See Cummings*, 142 S. Ct. at 1568 (observing that in Spending Clause legislation, "in return for federal funds, the [recipients] agree to comply with federally imposed conditions" (quoting *Pennhurst*, 451 U.S. at 17). Here, DPSC is the recipient of federal funds, which are contingent on DPSC's compliance with RLUIPA. *See Garcia v. LeBlanc*, No. CV 20-785-JWD-EWD, 2022 WL 193019, at *6 (M.D. La. Jan. 20, 2022) (citing *Stewart*, 701 F.3d at 1333–34 ); *Sossamon I*, 560 F.3d at 328.

The fact that DPSC's acceptance of federal funds triggers its obligation to follow RLUIPA cannot be ignored because whenever Congress uses its spending power to place a condition on the States in exchange for their acceptance of federal funds, the act in question must be analyzed in light of the States' sovereign immunity. *See, e.g.*, *Sossamon II,* 563 U.S. at 283–84; *Gregory*, 501 U.S. 452 ; *Pennhurst*, 451 U.S. at 17.

10

In particular, the "clear notice rule" governs the statutory interpretation. *Sossamon II*; *see Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 296 (2006).

Landor asks this Court to find that its holding in *Sossamon I*—that RLUIPA does not create an individual-capacity cause of action against State officials—was implicitly overruled by *Tanzin*. "For a Supreme Court decision to change our Circuit's law, it must be more than merely illuminating with respect to the case before the court and must unequivocally overrule prior precedent." *United States v. Guerrero*, 768 F.3d 351, 359 (5th Cir. 2014) (cleaned up)). *Tanzin* does not abrogate *Sossamon I.*

*Tanzin*'s holding that RFRA authorizes an individual-capacity cause of action against a federal employee does not affect the foregoing analysis of why RLUIPA does not create an individual-capacity cause of action against *State* officials.

In *Tanzin*, the question was not whether the text of RFRA clearly and unambiguously stated that individual-capacity claims are a condition placed on the sovereign States in exchange for their acceptance of federal funds. *Tanzin*, 141 S. Ct. at 492–93. RFRA was not analyzed

11

under the "stringent" test applicable when the statute raises issues of State sovereignty. *See Sossamon II*, 563 U.S. at 284 (quoting *College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 675 (1999)). The Court reviewed the terms of RFRA for their "plain meaning at the time of enactment." *Tanzin*, 141 S. Ct. at 491.

Furthermore, because it was enacted under Congress's spending power, RLUIPA is substantively different than RFRA. Specifically, the scope of RFRA is *not* limited to "programs or activities." 42 U.S.C. § 2000bb-3. As such, the Supreme Court in *Tanzin* did not discuss how the "programs or activities" limitation of RLUIPA impacts the ability of a plaintiff to sue an individual who does not enter into an agreement with the federal government to accept federal funds in exchange for agreeing to subject himself to suit. And, correspondingly, Landor's brief also does not comment on the "programs or activities" language in RLUIPA.

The Supreme Court noted that its analysis in *Tanzin* was not changed by its opinion in *Sossamon II* because the *Sossamon* Court had analyzed RLUIPA in light of sovereign immunity principles due to the conditions Congress attempted to place on the States in exchange for their acceptance of federal funds. *Tanzin*, 141 S. Ct. at 492–93. The

12

Court's conclusion that "the obvious difference is that this case features a suit against individuals, who do not enjoy sovereign immunity" is inapposite. *Id*. Regardless of the capacity of the defendants, RLUIPA must still be analyzed in light of sovereign immunity principles because liability of a State or individual state employee under RLUIPA is a *condition* placed upon the State's acceptance of federal funds, which must be evaluated under the Supreme Court's sovereign immunity jurisprudence. And, again, any condition placed on the State's acceptance of funds must be expressed unambiguously in the text of the statute.

Because *Tanzin* expressly upheld the requirement that RLUIPA be analyzed in light of the States' sovereign immunity and did not comment on the Spending Clause issues that formed the foundation of this Court's ruling in *Sossamon I*, it cannot be found that *Tanzin* unequivocally overruled *Sossamon I*. Thus, Landor's request that this Court overrule that prior panel opinion should be denied. *Guerrero*, 768 F.3d at 359; *Stokes v. Sw. Airlines*, 887 F.3d 199, 204 (5th Cir. 2018) ("A mere hint of how the Supreme Court might rule in the future, however, will not suffice; the intervening change must be unequivocal." (cleaned up)).

## CONCLUSION

*Sossamon I* is sound precedent, which need not be reconsidered by this Court. Plaintiff's request for en banc rehearing should be denied.

Respectfully submitted,

JEFF LANDRY
Louisiana Attorney General

*/s/ Phyllis E. Glazer*
PHYLLIS E. GLAZER (La. #29878)
Assistant Attorney General

Louisiana Department of Justice,
Litigation Division
1885 North Third Street, 3rd Floor
Baton Rouge, Louisiana 70802
Telephone: (225) 326-6300
Facsimile: (225) 326-6495
E-mail: GlazerP@ag.louisiana.gov
*Counsel for Defendants-Appellees*

## CERTIFICATE OF SERVICE

I certify that on <u>October 23, 2023</u>, I filed the foregoing brief with the Court's CM/ECF system, which will automatically send an electronic notice of filing to Appellant's counsel of record and to all amici.

*/s/ Phyllis E. Glazer*
Phyllis E. Glazer
Counsel for Defendants-Appellees

14

# CERTIFICATE OF COMPLIANCE

Pursuant to Fifth Circuit Rule 32.3, the undersigned certifies that:

1.     This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 35(b)(2) because it contains **3,514** words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2.     This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016, Century Schoolbook, 14-point font.

*/s/ Phyllis E. Glazer*
Phyllis E. Glazer
Counsel for Defendants-Appellees
October 23, 2023